IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC EDWARD JUELL,

    Plaintiff,                                  CIV. NO. S-05-0378 FCD GGH

    vs.

FOREST PHARMACEUTICALS,
INC., et al.,

    Defendants.                              ORDER

    _____/

        Previously pending on this court's law and motion calendar for February 23, 2006, was defendants' motion to strike corrections to deposition testimony, filed February 15, 2006. Having heard oral argument and reviewed the parties' joint statement filed that date, the court now issues the following order.

BACKGROUND

        Plaintiff brings this action against his former employer Forest Pharmaceuticals and former supervisor David Williams, for age discrimination, age harassment, wrongful termination, and for not preventing discrimination and harassment from occurring, all under the California Fair Employment and Housing Act. The case was originally filed on January 26, 2005, in the superior court in Nevada County, and removed here under diversity jurisdiction on February 25, 2005. Plaintiff seeks damages.[1]

---

[1] Injunctive relief is merely a request that defendants follow the law by not participating in age discrimination.

1

1  The discovery cutoff is March 3, 2006, with discovery orders issued and
2  compliance with those orders required by that date.
3  DISCUSSION
4  Defendants object to corrections in deposition testimony made by plaintiff Eric
5  Juell and his wife Enedina Juell, claiming they are in violation of Fed. R. Civ. P. 30(e) because
6  they did not provide an explanation for the changes, and because the majority of changes
7  substantially alter the testimony.
8  Defendants also argue that the changes are so voluminous as to confuse the jury
9  regarding the actual testimony of each individual, causing defendants prejudice.  Defendants
10  contend they are also prejudiced by an inability to obtain summary judgment due to changes
11  which attempt to create issues of fact.
12  Plaintiff argues that the changes do not extensively contradict the deposition
13  testimony.  Plaintiff and his wife have agreed to a further deposition to address the substance of
14  their corrections.  Furthermore, plaintiff argues that defendants can impeach them at summary
15  judgment and/or at trial regarding the corrections they have made.  They contend that the instant
16  changes were made in a timely fashion and there is no summary judgment motion pending at this
17  time.
18  Federal Rule of Civil Procedure 30(e) states:

> If requested by the deponent or a party before completion of the
> deposition, the deponent shall have 30 days after being notified by
> the officer that the transcript or recording is available in which to
> review the transcript or recording and, if there are changes in form
> or substance, to sign a statement reciting such changes and the
> reasons given by the deponent for making them. The officer shall
> indicate in the certificate prescribed by subdivision (f)(1) whether
> any review was requested and, if so, shall append any changes
> made by the deponent during the period allowed.

24  The requirement that a statement of reasons accompanies the corrections is
25  important to allow determination of whether the deponent has made the corrections for a
26  legitimate purpose.  Hambleton Brothers Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217,

1224-25 (9th Cir. 2005).  In sum, Rule 30(e) may be utilized only for corrective, not contradictory changes, id. at 1226, and the statement of reasons will largely determine the category in which the changes fit.  This does not mean that substantive changes can never be made.  It does mean that a legitimate reason must exist before the substantive change to sworn testimony will be allowed.  Thus, for example, a failure to remember one item to a question which called for many items to be recollected may well be an innocent lapse of memory.  Many persons have trouble with precise dates, and it would not be unusual to see some changes to responses involving dates.  On the other hand, changes from "yes" to "no," or gross departures from original testimony in date and time responses, and the like, would raise suspicions that the deponent, in retrospect, realizing that the truthful answer will cause problems in the case, changes the response simply to ward off a motion.  Such changes would violate the Hambleton rule.

       Plaintiff asserts that they are now ready to give the reasons for their changes in a second deposition.  The court has considered this offer, which was also made during the meet and confer process, but ultimately rejects it.  The reasons for the changes should have accompanied the changes, and the courts should not routinely task the interrogating party with the requirement of multiple depositions pre-trial until the deponent "gets it right."  Depositions are events in litigation on par with trial testimony; indeed, depositions are often used as trial testimony.  A witness at trial does not receive an opportunity to "do it over" in front of the jury.  Neither should the court foster a rule where a deponent gets to "do it over" in terms of testimony prior to a motion.

       The court can, however, clearly understand the corrective nature of some changes from the context of the question and answer.  To the extent that corrections set forth changes which are corrective only, or set forth facts which are consistent with the complaint, they will be allowed.  With these principles in mind, the following changes are ordered stricken from the deposition testimony of plaintiff and his wife.

\\\\\

<u>Deposition Changes of Eric Juell</u>

Corrections numbered 3, 4, 18, 19, 22, 24, 36, 41, 47, 50, 54, 55, 56, 62, 66, 67, 70, 71, 73, and 74, are stricken.

<u>Deposition Changes of Enedina Juell</u>

Corrections numbered 2, 5, 6, and 7 are stricken.

Nothing in this order precludes impeachment upon the corrections allowed. Nothing in this order precludes plaintiffs from changing testimony at trial, even with respect to the stricken items.[2]

<u>CONCLUSION</u>

Accordingly, IT IS ORDERED that defendants' motion to strike corrections to deposition testimony, filed February 15, 2006, is granted in part as outlined in this opinion.

DATED: 3/8/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Juell0378.mtn.wpd

---

[2] The court may not direct plaintiffs in regards to what they will say at trial under oath as deliberately false testimony might make a party liable for perjury.

4