1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERIC EDWARD JUELL,

         Plaintiff,

   v.

FOREST PHARMACEUTICALS, INC.
and DAVID WILLIAMS,

         Defendants.

NO. CIV S-05-0378 FCD/GGH

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendants' motion to preclude plaintiff from offering testimony of an economic expert, pursuant to Rule 37 of the Federal Rules of Civil Procedure,[1] and to modify the pretrial scheduling order, pursuant to Rule 16.[2]

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

[2] Defendants do not notice the motion as a Rule 16 motion, nor do they argue the merits of the Rule 16 motion in their briefs. However, defendants seek leave to depose four of plaintiff's experts after the deadline set forth in the Pretrial Scheduling Order ("PSO") and seek leave to designate a rebuttal expert after the deadline set forth in the PSO. In order for the court to grant the requests sought by defendants, good cause must be demonstrated pursuant to Rule 16. As such, the court
(continued...)

Plaintiff opposes defendants' motion to preclude the economic expert, but does not oppose modification of the pretrial scheduling order. For the reasons set forth below, defendants' motions are DENIED in part and GRANTED in part.[3]

**BACKGROUND**

On January 26, 2005, plaintiff filed a complaint in Nevada County Superior Court against defendants, alleging state claims of discrimination on the basis of age, harassment on the basis of age, wrongful termination in violation of public policy and failure to prevent harassment in violation of California Government Code § 12940(k). Defendants removed the case from state court in February 2005 on the basis of diversity jurisdiction.

On May 2, 2005, the court issued a Pretrial Scheduling Order, setting the deadline for designation of experts for January 6, 2006 and the discovery deadline for March 3, 2006. On January 17, plaintiff belatedly disclosed five expert witnesses, four healthcare experts and one economic expert. Defendants subsequently filed this motion, seeking to extend discovery deadlines to depose the healthcare experts and to designate a rebuttal expert. Defendants also seek to preclude the testimony of the economic expert.

/////

---

[2](...continued)
construes defendants' motion as a motion to preclude as well as a request to modify the PSO under Rule 16.

[3] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

**ANALYSIS**

**A.   Modification of the Pretrial Scheduling Order**

A pretrial order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16, advisory committee's notes (1983 amendment)). The "good cause" standard set forth in Rule 16 primarily focuses upon the diligence of the party requesting the amendment. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

The moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations omitted).

Defendants have demonstrated good cause to modify the Pretrial Scheduling Order to extend the discovery deadlines solely as they apply to deposing plaintiffs' belatedly disclosed

3

experts and to designating a rebuttal expert, if necessary. Defendants were diligent in assisting the court in creating a workable scheduling order.  Further, the delay in taking the depositions was caused by plaintiff's delay in disclosing his experts.  Defendants could not have anticipated that plaintiff would disclose his experts after the deadline for expert disclosure had passed.  Finally, defendants filed this motion on February 22, 2006,[4] promptly after it became apparent that they could not comply with the scheduling order.  Because defendants have demonstrated good cause to modify the pretrial scheduling order, defendants' motion to extend the deadlines for deposing plaintiff's belatedly disclosed experts and to designate a rebuttal expert is GRANTED.

    The scheduling order is modified as follows:  Defendants must disclose any rebuttal experts by April 10, 2006.  All expert discovery must be completed by May 8, 2006.  The dispositive motion hearing deadline is July 21, 2006.  The Final Pretrial Conference is set for September 22, 2006 at 1:30 p.m.  The trial date will remain set for November 28, 2006 at 9:00 a.m.

**B.    Preclusion of Plaintiff's Economic Expert**

    Rule 37(c) provides that a party that fails to disclose information relating to expert designation and opinions pursuant to Rule 26 is not "permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.  Fed. R. Civ. P. 37(c).  However, Rule 37 also

---

[4] Defendants improperly noticed this motion before the magistrate judge on February 15, 2006.  The magistrate judge vacated the date set to hear this motion, and defendants properly filed the motion before the court on February 22, 2006.

4

provides that this sanction is not appropriate where such a failure to disclose is harmless. Id. As such, the party seeking exclusion of testimony under Rule 37 must demonstrate prejudice by opposing party's failure to disclose. See Paulissen v. United State Life Ins. Co., 205 F. Supp. 2d 1120, 1126 (C.D. Cal. 2002).

Defendants contend that they are prejudiced by plaintiff's untimeliness in disclosing the economic expert because "defendants are left with very little time to depose five separate witnesses before they must prepare summary judgment." (Def.s' Mot. to Preclude Expert Testimony, filed Feb. 22, 2006, at 6). However, based upon the court's grant of defendants' Rule 16 motion to extend the time to depose plaintiff's experts, the dates of the dispositive motion hearing deadline and Final Pretrial Conference date have also been modified. As such, defendants will not be prejudiced in preparing their summary judgment motion by plaintiff's untimely disclosure of the economic expert. Therefore, defendants' motion to preclude the testimony of plaintiff's belatedly designated economic expert is DENIED.

IT IS SO ORDERED.

DATED: March 24, 2006

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE

5