IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC EDWARD JUELL,

    Plaintiff,                        CIV. NO. S-05-0378 FCD GGH

    vs.

FOREST PHARMACEUTICALS, INC., et al.,

    Defendants.                    ORDER
_____/

        Previously pending on this court's law and motion calendar for June 29, 2006, was defendants' motion to compel medical examination of plaintiff pursuant to Fed. R. Civ. P. 35. Lizbeth West appeared for defendants. Linda Sloven appeared telephonically for plaintiff. Having heard oral argument and reviewed the parties' joint statement filed June 22, 2006, the court now issues the following order.[1]

BACKGROUND

        Plaintiff brings this action against his former employer Forest Pharmaceuticals and former supervisor David Williams, for age discrimination, age harassment, wrongful

---

[1] The parties filed a flurry of papers aside from the joint statement within the week before the hearing, all of which are not in compliance with E.D. Local Rule 37-251, and have not been considered.

1

1  termination, and for not preventing discrimination and harassment from occurring, all under the
2  California Fair Employment and Housing Act.  Pertinent to the instant dispute is plaintiff's claim
3  of mental and emotional distress which he claims includes "frustration, depression, nervousness,
4  anxiety and loss of self-worth," which has resulted in his inability to work.  (Compl., ¶¶ 31, 39.)
5  This claim is alleged in regard to all four causes of action, for age discrimination, age
6  harassment, wrongful termination in violation of public policy, and violation of Cal. Govt. Code
7  § 12940(k).  Plaintiff seeks damages in excess of $100,000, claiming he has suffered and will
8  continue to suffer mental and emotional distress.  (Compl., ¶¶ 39, 36, 53, 58.)  The case was
9  originally filed on January 26, 2005, in the superior court in Nevada County, and removed here
10 under diversity jurisdiction on February 25, 2005.  Plaintiff seeks damages.[2]

On June 20, 2006, the district court modified the scheduling order to permit the parties to file this motion and conduct any discovery ordered as a result.

DISCUSSION

A.  Rule 35 Exam

Defendants seek to compel a medical exam of plaintiff so that their expert witness may render an opinion concerning plaintiff's mental health and emotional distress claims. Plaintiff initially agreed to the examination but only if it was limited to ninety minutes, if no written testing was used, and if plaintiff were permitted to tape record the examination.[3] Defendants seek an examination of eight hours duration, and want to use a variety of well-established and widely accepted methods of psychological testing and analysis, including the MMPI and MCMI personality tests.  These conditions should level the playing field, according to defendants, because plaintiff has named two experts, both his treating healthcare providers, who

---

[2] Injunctive relief is merely a request that defendants follow the law by not participating in age discrimination.

[3] Plaintiff's other condition, that the expert's report be provided to plaintiff prior to the deposition of plaintiff's expert witness, was apparently agreed to by defendants.

have spent many hours with him over a number of years.

At the hearing, defendants represented that they had stipulated to allowing plaintiff to tape record the exam, so long as it was not intrusive and was more than one hour in length. As the court was not aware of this stipulation, defendants pointed to a footnote in their papers which referred to this resolution. It appears that this resolution was mentioned in a footnote in their motion to compel filed on June 22, 2006, one week before the hearing. As noted above, this motion was not reviewed in deciding the instant motion as it is not in compliance with Rule 37-251. Furthermore, if a point of contention that is one of the bases for bringing the motion is later resolved, it should be mentioned in a place of more importance than in a footnote.[4]

Legal Standards

"[I]n order for a party seeking to compel a psychiatric examination under Rule 35 to establish that the other party's mental condition is 'in controversy' within the meaning of the Rule, the moving party must show more than that the party in question has claimed emotional distress." Turner v. Imperial Stores, 161 F.R.D. 89, 97 (S.D.Cal.1995); accord, Ford v. Contra Costa County, 179 F.R.D. 579, 580 (N.D.Cal. 1998). Before a mental examination is compelled, in addition to a bare claim for mental distress, the moving party should demonstrate one or more of the following:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's

---

[4] As also mentioned earlier, the joint stipulation filed on June 22, 2006 was the only pleading filed in compliance with Rule 37-251, and the only document considered for this order. Unfortunately, it is actually a photocopy of a joint statement first filed on May 9, 2006. The parties did not bother to update their statement but just re-filed it. As a result, it includes outdated issues such as plaintiff's claim that defendants are in "procedural default" by failing to compel this examination by the March 31, 2006 discovery cutoff. This argument is moot since Judge Damrell has since extended the time to hear this motion. Such laziness and failure to comply with the local rules wastes court resources.

1           concession that his or her mental condition is 'in controversy'
2           within the meaning of Rule 35(a).

3 Turner, 161 F.R.D. at 95. [5]

4       Cases which involve little more than garden variety allegations of past emotional
5 distress ordinarily are not sufficient to require a mental exam. Sabree v. United Broth. of
6 Carpenters & Joiners, 126 F.R.D. 422, 426 (D. Mass. 1989) (finding that although complaint
7 contained specific claims for emotional distress under state law, plaintiff's mental condition was
8 not at issue); Benchmaster, Inc. v. Kawaelde, 107 F.R.D. 752, 754 (E.D. Mich. 1985) (proffering
9 rationale that psychiatrist could aid only in determining present emotional disturbance). Mental
10 exams are generally not allowed absent specific facts demonstrating emotional state will be at
11 issue. See, e.g., Lowe v. Philadelphia Newspapers, Inc., 101 F.R.D. 296, 298 (E.D. Pa. 1983)
12 (plaintiff had designated testifying psychiatric experts and had received psychiatric care).

13       Claims for past emotional distress at best permit the court discretion whether to
14 allow a Rule 35 exam. Hodges v. Keane, 145 F.R.D. 332, 334 (S.D.N.Y. 1993). The
15 determination is made on a case by case basis. See, e.g., Ziemann v. Burlington County Bridge
16 Com'n, 155 F.R.D. 497, 501 (D.N.J. 1994) (considering, inter alia, alleged injury and whether
17 claim is ongoing); Anson v. Fickel, 110 F.R.D. 184, 186 (N.D.Ind. 1986) (considering resort to
18 psychiatric or psychological counseling).

19 Analysis

20       Plaintiff has raised specific facts demonstrating that he has placed his emotional
21 state is in controversy, including his concession that he has been under the care of a psychiatrist
22 and a psychologist due to emotional distress suffered in connection with his employment. Juell

---

[5] As Judge Aaron noted, only one published opinion in the Ninth Circuit prior to Turner addressed the IME issue--Smedley v. Capps, Staples, Ward, Hastings & Dodson, 820 F.Supp. 1227 (N.D.Cal.1993). The Smedley court granted defendants' motion for mental examination, solely because of plaintiff's bare claim of emotional distress. As the Turner court observed, the Smedley court reached its conclusion without analysis or citation to authority. Turner, 161 F.R.D. at 93. Accordingly, this court relies on the careful analysis set forth in Turner.

Decl. ¶ 3.  Accordingly, an independent medical examination is appropriate.  The length of the proposed exam is reasonable; therefore it shall be limited to eight hours, which includes an hour break for lunch.   Defendants' expert will be permitted to conduct reasonable testing as he determines is necessary.  Plaintiff is permitted to tape record the exam so long as the tape is longer than one hour and is not intrusive.

### B. Defense Expert Deposition

Plaintiff requests that pursuant to Judge Damrell's modification of the scheduling order, he be permitted to take Dr. Weissman's (defendants' expert) deposition before August 31, 2006, and that his file be provided to plaintiff at least a week before the deposition.  Plaintiff's request is granted.

### CONCLUSION

Accordingly, IT IS ORDERED that:

1. Defendants' motion to compel Rule 35 medical examination is granted in accordance with the conditions set forth in this order.

2. Plaintiff's request to take Dr. Weissman's deposition before August 31, 2006 is granted.  Defendants shall provide plaintiff with this expert's file at least one week before the deposition.

DATED: 7/5/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Juell0378.R35.wpd