UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ERIC EDWARD JUELL,

         Plaintiff,

    v.

FOREST PHARMACEUTICALS, INC.
and DAVID WILLIAMS,

         Defendants.

NO. CIV S-05-0378 FCD/GGH

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

This matter is before the court on defendants' motion to amend the pretrial order pursuant to Rule 16 of the Federal Rules of Civil Procedure[1] to reopen plaintiff's deposition and to compel plaintiff to provide an authorization for his driving record. Plaintiff opposes defendants' motion to reopen his deposition, but has withdrawn his objection regarding his driving

///

///

///

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure, unless otherwise noted.

record. For the reasons set forth below,[2] defendants' motion is GRANTED.

**BACKGROUND**

On January 26, 2005, plaintiff filed a complaint in Nevada County Superior Court against defendants, alleging state claims of discrimination on the basis of age, harassment on the basis of age, wrongful termination in violation of public policy and failure to prevent harassment in violation of California Government Code § 12940(k). Defendants removed the case from state court in February 2005 on the basis of diversity jurisdiction.

On May 2, 2005, the court issued a pretrial scheduling order, setting the deadline for designation of experts for January 6, 2006 and the discovery deadline for March 3, 2006. Subsequently, on March 24, 2006, the court extended the discovery deadlines to allow defendants to depose plaintiff's belatedly disclosed expert and to designate a rebuttal expert. (Mem. & Order [Docket #34], filed Mar. 24, 2006). Thereafter, in June 2006, the court again modified the scheduling order to allow defendants to bring a motion to compel an examination of plaintiff pursuant to Rule 35. (Order [Docket # 50], filed June 20, 2006). On September 12, 2006, the court issued its Memorandum and Order, denying defendants' motion for summary judgment. (Mem. & Order [Docket #104], filed Sept. 12, 2006). The court held a pretrial conference with the parties on October

---

[2] Because oral argument will not be of material assistance, the court orders the matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

27, 2006 and issued a pretrial order on November 20, 2006. (Pretrial Order [Docket #110], filed Nov. 20, 2006). The case is currently set for trial on October 23, 2007.

On August 8, 2007, defendants filed a motion to amend the pretrial order to reopen plaintiff's deposition and to compel plaintiff to provide an authorization for his driving record. Defendants base their motion on the following facts, which they assert were only recently discovered: (1) plaintiff is now able to work and has begun a new business venture; (2) plaintiff pled nolo contendere to a misdemeanor vehicle code violation shortly before he left his employment in 2003; (3) plaintiff was treated by one of the medical experts in this case as a result of the plea; and (4) plaintiff pled nolo contendere to DUI charges in March 2007. Defendants contend that these facts relate to plaintiff's claims for emotional distress and damages and that further discovery is necessary before trial.

**ANALYSIS**

Following a pretrial conference, the pretrial order "shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party seeking the modification bears the burden of demonstrating that an amendment is necessary. Galdamez v. Potter, 415 F.3d 1015, 1020 (9th Cir. 2005). The Ninth Circuit has enumerated four factors for the district court to consider in deciding whether to modify a pretrial order: (1) the degree of prejudice or surprise if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part

of the party seeking the modification.  <u>Id.</u>; <u>Byrd v. Guess</u>, 137 F.3d 1126, 1132 (9th Cir. 1989) (abrogated on other grounds).

Defendants have demonstrated that the limited requested discovery is necessary to prevent manifest injustice. Specifically, defendants seek to conduct further discovery in relation to plaintiff's claim for emotional distress damages. Defendants seek only to reopen plaintiff's deposition and to obtain his driving record.  It can be assumed that plaintiff is and has been aware of both his own knowledge and his driving record; as such, there is no surprise.  Moreover, the only prejudice claimed by plaintiff is that preparation for a deposition will distract from trial preparation.  The pretrial order in this case was filed months before defendants' filing of this motion.  As such, plaintiff had an expansive amount of time to prepare for trial.  Conversely, defendants have not had an opportunity to question plaintiff about facts that may be relevant to his claims, such as his new career that began after the close of discovery and issuance of the pretrial order.

Defendants contend that the trial date will not need to be postponed for this limited discovery, and thus, the modification will not disrupt the orderly and efficient resolution of this matter.[3]  However, even if defendants' requested discovery will require further extension of the trial date, such modification remains necessary.  Without further investigation into these facts, neither party will be able to file coherent *motions in*

---

[3] Plaintiff contends that if defendants are allowed discovery, he should be allowed additional discovery as well. However, the court does not address this issue as there is no such pending motion filed before it.

4

*limine* with regard to these matters.[4] Moreover, the court is not inclined to allow a jury trial to become a fishing expedition for further information on these incidents, or alternatively, to address these issues outside of the presence of the jury during trial without the benefit of any formal discovery. Finally, there is no evidence of willfulness or bad faith by defendants.

Accordingly, the pretrial order is modified to allow defendants to reopen plaintiff's deposition for discovery on the following issues: (1) plaintiff's ability to work and new business venture; (2) plaintiff's misdemeanor vehicle code violation in 2003; (3) plaintiff's treatment by one of the medical experts as a result of the plea; and (4) plaintiff's DUI charges in 2007.

IT IS SO ORDERED.

DATED: September 6, 2007

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] It appears that such motions are to be expected. In his opposition, plaintiff objects to the admissibility of his misdemeanor vehicle violations on the grounds that it is improper character evidence. The court notes, without ruling, that there *could* be alternative grounds for the admissibility of this evidence. However, such objections are appropriately brought as *motions in limine*.

5